**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-00741-WJM-KMT

JEFFERSON COUNTY SCHOOL DISTRICT R-1,

    Plaintiff,

v.

ELIZABETH E., by and through her parents, Roxanne B. and David E.,

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES**

---

In this case brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), Jefferson County School District R-1 ("Plaintiff") asked the Court to review the decision of the Administrative Law Judge ("ALJ") which required Plaintiff to reimburse Defendant Elizabeth E., by and through her parents Roxanne B. and David E. (collectively "Defendant") for Elizabeth's tuition and other services at a private residential treatment facility. (ECF No. 1.) After full briefing on the merits, the Court affirmed the ALJ's decision and entered judgment in favor of Defendant. (ECF Nos. 30 & 31.)

On August 17, 2011, Defendant filed a Motion for Award of Attorney Fees ("Motion") seeking reimbursement of the attorney's fees they had expended in pursuing their IDEA claim. (ECF No. 43.) The Motion was referred to Magistrate Judge Kathleen M. Tafoya for a recommended decision. (ECF No. 44.) Magistrate Judge Tafoya entered her Recommendation on March 6, 2012, recommending that the Motion be

granted and that Defendant be awarded $141,731.00 in attorney's fees.  (ECF No. 48.) Plaintiff filed a timely Objection to the Recommendation.  (ECF No. 49.)

Before the Court are the Motion, Recommendation, and Plaintiff's Objection.  For the reasons set forth below, Plaintiff's Objection is overruled, the Recommendation is adopted, and the Motion is granted.

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.  The Court may review any portion of the Recommendation that is not specifically objected to "under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## II.  ANALYSIS

IDEA contains a fee-shifting provision which allows a "prevailing party" to recover its "reasonable attorneys' fees".  20 U.S.C. § 1415(i)(3)(B).  The Magistrate Judge found that "the decision of the ALJ, and the subsequent decision by the District Court, materially altered the legal relationship of the parties and required the plaintiff to do

something it had previously refused to do" and, therefore, Defendant was the prevailing party in this action. (Rec. at 11.) Plaintiff contends that the Magistrate Judge erred in finding that Defendant was the prevailing party because the only relief she achieved was the imposition of the statutorily required "stay-put provision." (Obj. at 8-9.) Plaintiff argues that "[a]n agreement during the pendency of judicial proceedings is not a decision on the merits." (*Id.* at 9.)

If the only relief Defendant obtained as a result of this litigation was the imposition of the statutorily-required "stay-put" order, the Court agrees that she would not be considered the prevailing party. *See Bd. of Educ. V. Steven L.*, 89 F.3d 464, 469 (7th Cir. 1996). However, that is not the only relief Defendant obtained in this action. The Court made a number of substantive rulings in favor of Defendant: (1) Elizabeth's placement at Innercept was a reimbursable placement under IDEA; (2) Plaintiff was not entitled to a reduction in the amount it was required to reimburse Defendant for Elizabeth's placement at Innercept; and (3) Plaintiff was required to reimburse Defendant for the cost of Elizabeth's placement at Innercept, except for any medical services provided. (ECF No. 30.) These are substantive rulings that materially altered the legal relationship between the parties. As such, the Court agrees with the Recommendation and finds that Defendant is the prevailing party in this action. *See P.N. v. Clementon Bd. of Educ.* 442 F.3d 848, 856-57 (3d Cir. 2006) (finding that parents were the prevailing party when they achieved success on significant issues).

Plaintiff also argues that the Court should not grant attorney's fees to Defendant at this time because it has appealed the Court's ruling to the Tenth Circuit. (Obj. at 10.) Plaintiff argues that Defendant will suffer no prejudice by having to wait until the Tenth

Circuit resolves the appeal. (*Id.*) Addressing this point, the Magistrate Judge stated: "The defendant has spent an exorbitant amount of money on attorney fees in this matter. The court finds Plaintiff's argument that the defendant would not be prejudiced if the court postpones a decision on attorney fees to be incredible." (Rec. at 12.) The Court agrees with the Magistrate Judge. Regardless of when the Tenth Circuit may issue its decision in this case, Defendant has suffered substantial hardship in having to defend against this case before the ALJ, this Court, and now the Tenth Circuit. The Court sees no reason to delay entering the attorney's fee award to which Defendant is entitled under the IDEA's fee-shifting provision. *See Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 723 (1974) (noting that delaying a fee award until the conclusion of litigation would cause "substantial hardship" and be contrary to the purposes of the fee-shifting provision).

In the Motion, Defendant requested $141,731.00 in attorney's fees. (ECF No. 43 at 15.) Plaintiff did not oppose the reasonableness of the amount of fees requested. (ECF No. 46.) The Magistrate Judge found that this non-opposition constituted an admission that the amount was reasonable and recommended that the full amount be awarded to Defendant. (ECF No. 48 at 13.) Plaintiff has not objected to the Magistrate Judge's analysis on this point. (ECF No. 49.) Having reviewed the issue for clear error, the Court finds that the amount of attorney's fees requested by Defendant is reasonable.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Magistrate Judge's Recommendation (ECF No. 49) is OVERRULED;

2. Magistrate Judge Tafoya's Recommendation (ECF No. 48) is ADOPTED;

3. Defendant Elizabeth E.'s Motion for Award of Attorney Fees (ECF No. 43) is GRANTED and she is awarded $141,731.00 in attorney's fees; and

4. The Clerk shall enter judgment against Plaintiff Jefferson County School District R-1 and in favor of Defendant Elizabeth E. $141,731.00 for attorney's fees.

Dated this 22nd day of March, 2012.

BY THE COURT:

William J. Martinez
United States District Judge